**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

v.                           **CASE NO. 4:17-CR-00293-BSM-37**

**DANIEL ADAME**                                                      **DEFENDANT**

## ORDER

Daniel Adame's motion for compassionate release [Doc. No. 1747] is denied.

Adame pleaded guilty to conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine. Doc. No. 605. He was sentenced to 262 months of imprisonment and five years of supervised release. Doc. No. 994. He moves for compassionate early release, pursuant to 18 U.S.C. section 3582(c)(1)(A), which requires consideration of 18 U.S.C. section 3553 sentencing factors.

Adame contends that he qualifies for compassionate release because his underlying medical conditions greatly increase his likelihood of suffering severe complications from COVID-19. He argues that his facility is crowded and lacks appropriate sanitation procedures to prevent the spread of COVID-19, warranting his compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). Adame also argues that in light of the COVID-19 pandemic, the conditions of his incarceration violate his Fifth and Eighth Amendment rights.

In response, the government argues that Adame is ineligible for a sentence reduction because he is a danger to the community. U.S.S.G. § 1B1.13. This is true because he is serving a prison sentence for distribution of methamphetamine; he has drug convictions

spanning nearly fifteen years; and he has a history of absconding.  Moreover, although Adame's obesity and asthma are COVID-19 risk factors, nothing in the record indicates that he is suffering from physical or mental deterioration; and general concerns about coronavirus exposure do not satisfy the "extraordinary and compelling" requirement of section 3582.

Adame's constitutional claims are related to prison conditions, so they are subject to the mandatory exhaustion requirement of 42 U.S.C. section 1997e(a).  *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  Adame has not demonstrated administrative exhaustion.  Further, Adame has failed to allege that prison officials are acting with deliberate indifference to his confinement conditions.  *See Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

Adame's request is denied because he is a danger to society, and there is no reason to revisit the Section 3553(a) factors that were considered at the time of sentencing.  *See, e.g.*, *United States v. Ram*, 2020 WL 3100837, at *3 (E.D. Ark. June 11, 2020).

IT IS SO ORDERED this 30th day of November, 2020.

_____
UNITED STATES DISTRICT JUDGE

2